UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECT TV, INC. | : DOCKET NO. 3:03 CV 924 AVC |
| PLAINTIFF, | : |
| VS. | : |
| BERNARD THOMAS | : |
| DEFENDANT | : |
| | : OCTOBER 14, 2003 |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED MAY 22, 2003

**NATURE OF ACTION**

1. Defendant denies the allegations of Paragraph 1 as alleged: "to redress injuries that it has suffered as a result of Defendant, Bernard Thomas', satellite television signal piracy."

2. The Defendant denies the allegations of Paragraph 2.

**PARTIES**

3. As to Paragraph 3 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

4. Defendant admits the allegation of Paragraph 4.

**JURISDICTION AND VENUE**

5. The Defendant admits the allegations of Paragraphs 5 and 6.

**GENERAL ALLEGATIONS**

6. As to Paragraph 7 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

7. As to Paragraph 8 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

8. As to Paragraph 9 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

9. As to Paragraph 10 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

10. The Defendant admits the allegations of Paragraphs 11 that alleges that he made a purchase from Vector Technologies with the following qualification: he only purchased one package that came with two types of devices. As to the remainder of Paragraph 11, specifically regarding records received, the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

11. The Defendant admits the allegations of Paragraphs 12 and 13 with the following qualifications: he only purchased one package that came with two types of devices, and the date of receipt was not the date of purchase.

12. The Defendant admits the allegations of Paragraphs 14 that alleges that he made a purchase from Vector Technologies with the following qualifications: he only purchased one package that came with two types of devices, and the date of receipt was not the date of purchase. As to the remainder of Paragraph 14, specifically regarding records received, the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

13. The Defendant admits the allegations of Paragraphs 15 and 16 with the following qualifications: he only purchased two packages that came with two types of devices each, and the date of receipt was not the date of purchase.

14. The Defendant admits the allegations of Paragraphs 17 that alleges that he made a purchase from Vector Technologies with the following qualifications: he only purchased one package that came with two types of devices, and the date of receipt was not the date of purchase. As to the remainder of Paragraph 17, specifically regarding records received, the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

15. The Defendant admits the allegations of Paragraphs 18 and 19 with the following qualifications: he only purchased one package that came with two types of devices, and the date of receipt was not the date of purchase.

16. This Defendant denies the allegations of Paragraph 20, as the device was purchased for the legal purpose of programming smart cards.

17. This Defendant denies the allegations of Paragraph 21, as the device was purchased for the legal purpose of performing programming functions.

18. This Defendant denies the allegations of Paragraph 22, as the device was purchased for the legal purpose of performing programming functions.

19. This Defendant denies the allegations of Paragraph 23, as the device or devices were never used because the Defendant was unable to use them for the purpose in which he purchased them.

20. This Defendant denies the allegations of Paragraph 24.

21. This Defendant denies the allegations of Paragraph 25.

## COUNT 1

22. Defendant's answers to Paragraphs 1 through 25 above are hereby incorporated as the responses to Paragraphs 1 through 25 of Count One.

23. As to Paragraph 27 the Defendant denies so much of said Paragraph as alleges "Defendant's, receipt of DIRECTV's scrambled or encoded programming", and "use of those signal for his own benefit". As to the remainder of said paragraph

the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

24. As to Paragraph 28 the Defendant denies so much of said Paragraph as alleges, "aggrieved by Defendant's violations". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

25. As to Paragraph 29 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

26. This Defendant denies the allegations of Paragraph 30.

27. As to Paragraph 31 the Defendant denies so much of said Paragraph as alleges "Defendant's, inception and/or use of its satellite". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

28. As to Paragraph 32 the Defendant denies so much of said Paragraph as alleges "Defendant's, violations have injured DIRECTV". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

## COUNT II

29. Defendant's answers to Paragraphs 26 through 32 above are hereby incorporated as the responses to Paragraphs 26 through 32 of Count Two.

30. The Defendant denies the allegations of Paragraph 34.

31. The Defendant denies the allegations of Paragraph 35.

32. As to Paragraph 36 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

33. As to Paragraph 37 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

34. As to Paragraph 38 the Defendant denies so much of said Paragraph as alleges, "signals have been intercepted by the Defendant". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

35. As to Paragraph 39 the Defendant denies so much of said Paragraph as alleges, "Defendant's violations have injured DIRECTV's". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

## COUNT III

36. Defendant's answers to Paragraphs 33 through 39 above are hereby incorporated as the responses to Paragraphs 33 through 39 of Count Three.

37. The Defendant denies the allegations of Paragraph 41.

38. As to Paragraph 42 the Defendant denies so much of said Paragraph as alleges, "DIRECTV is a person aggrieved by the Defendant's violations". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

39. As to Paragraph 43 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

40. The Defendant denies the allegations of Paragraphs 44 and 45.

41. As to Paragraph 46 the Defendant denies so much of said Paragraph as alleges "Defendant's distribution of the pirate access devices to third parties". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

42. As to Paragraph 46 the Defendant denies so much of said Paragraph as alleges, "Defendant's violations have injured DIRECTV'S ability to generate revenue." As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

## COUNT IV

43. Defendant's answers to Paragraphs 40 through 47 above are hereby incorporated as the responses to Paragraphs 40 through 47 of Count Four.

44. The Defendant denies the allegations of Paragraph 49.

45. As to Paragraph 50 the Defendant denies so much of said Paragraph as alleges, "DIRECTV is a person aggrieved by the Defendant's violations". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

46. As to Paragraph 51 the Defendant pleads insufficient knowledge or information to form a belief and leaves Plaintiff to its proof.

47. The Defendant denies the allegations of Paragraphs 52 and 53.

48. As to Paragraph 54 the Defendant denies so much of said Paragraph as alleges "Defendant's assembly, manufacture, or modification of the pirate access devices". As to the remainder of said paragraph the Defendant claims insufficient knowledge or information from which to form a belief and leaves Plaintiff to its proof.

### FIRST AFFIRMATIVE SPECIAL DEFENSE TO COUNT ONE

The action against the Defendant is barred by the statute of limitations, in that the action was not instituted within two years of the date of the alleged injury.

### SECOND AFFIRMATIVE SPECIAL DEFENSE TO COUNT ONE

The action against the Defendant is barred for failure to state a claim for which relief may be granted, because the Defendant did not purchase the devices for any purpose other than for legal programming purposes.

### FIRST AFFIRMATIVE SPECIAL DEFENSE TO COUNT TWO

The action against the Defendant is barred by the statute of limitations, in that the action was not instituted within two years of the date of the alleged injury.

### SECOND AFFIRMATIVE SPECIAL DEFENSE TO COUNT TWO

The action against the Defendant is barred for failure to state a claim for which relief may be granted, because the Defendant did not purchase the devices for any purpose other than for legal programming purposes.

### FIRST AFFIRMATIVE SPECIAL DEFENSE TO COUNT THREE

The action against the Defendant is barred by the statute of limitations, in that the action was not instituted within two years of the date of the alleged injury.

### SECOND AFFIRMATIVE SPECIAL DEFENSE TO COUNT THREE

The action against the Defendant is barred for failure to state a claim for which relief may be granted, because the Defendant did not purchase the devices for any purpose other than for legal programming purposes.

### FIRST AFFIRMATIVE SPECIAL DEFENSE TO COUNT FOUR

The action against the Defendant is barred by the statute of limitations, in that the action was not instituted within two years of the date of the alleged injury.

### SECOND AFFIRMATIVE SPECIAL DEFENSE TO COUNT FOUR

The action against the Defendant is barred for failure to state a claim for which relief may be granted, because the Defendant did not purchase the devices for any purpose other than for legal programming purposes.

PLAINTIFF, PRO SE

BY *Bernard Thomas* (EFB)
Bernard Thomas
29 Sunset Terrace
South Windsor, CT 06074
Telephone: (860) ███████
982-6690

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on October 14, 2003 to:

McLaughlin Sacks, LLC
31 Trumbull Road
Northampton, MA 01060

Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518