FILED
2004 JAN 12 A 10: 11
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DIRECTV, Inc.** ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 3:03CV00924-AVC |
| ) | |
| vs. ) | RULE 26(f) REPORT OF THE PARTIES' |
| ) | PLANNING MEETING |
| **Bernard Thomas** ) | |
| ) | |
| Defendant ) | |

### RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed: 05/23/2003

Date Complaint Served:   9/23/03

Date of Defendant's Appearance:   10/16/03

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on 12/4/03 and 12/9/03. The participants were:

Attorney John M.. McLaughlin for plaintiff and Bernard Thomas, Pro Se Defendant

### I. CERTIFICATION

Undersigned counsel for Plaintiff and the Pro Se Defendant certified that, after consultation, they have discussed the nature and basis of the parties' claims and defenses and any

possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel for Plaintiff Counsel further certifies that he has forwarded a copy of this report to the Plaintiff.

**II.     Jurisdiction.**

    A.     Subject Matter Jurisdiction:

    Federal Question Jurisdiction exists pursuant to 28 U.S.C. § 1331.

    B.     Personal Jurisdiction: Defendant acknowledges that he is a resident of Connecticut.

**III.    Brief Description of the Case.**

    A.     Claims of Plaintiff:

Plaintiff alleges that Defendant used and/or distributed or modified eight (8) devices, referred to as unloopers and emulators. These devices were specifically designed for utilization in the unauthorized interception of the Plaintiffs telecommunications signals. The use of these devices to intercept the Plaintiffs telecommunications signals violates Title 47 U.S.C. section 605 and Title 18 U.S.C. section 2520. Distributing these devices violates provisions of title 47 U.S.C. section 605.

The Plaintiff's allegations are based upon the evidence that the Defendant purchased said devices on three different occasions from March 2, 2001 to April 9, 2001. From the purchase of the descrambling device:

1. The Court Can logically infer the devices were used and/or distributed in violation of the Federal law; or

2. The Court must find there is a rebuttable presumption that the device was used and/or distributed in violation of the Federal law. See *Community Television Sys. Inc. v. Caruso* 284 F. 3d 430 2002 (2d Cir. 2002).

Plaintiff is seeking:

1. Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $10,000.00 for each device distributed or for each so-called "access card" which was modified and/or then distributed after being modified were utilized in conjunction with the devices;

2. Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $1,000.00, *tripled* pursuant to Connecticut General

        Statute 52—564, for the Defendant's unauthorized interception of signal;

3    Statutory damages pursuant to Title 18 U.S.C. section 2520 of the greater of $10,000.00 or $100.00 per day of unauthorized interception, *tripled* pursuant to Connecticut General Statute 52—564;

4    The Plaintiff attorney's fees pursuant to either Title 18 U.S.C. section 2520 or Title 47 U.S.C. §605

B.    **Claims of Defendant: The Defendant:**

Sometime between February and April of 2001, I went on-line to conduct research on access cards and smart cards. After conducting the research, I decided, after having visited several websites to make a purchase from one of the websites that he had visited. The name of the website was called, "Vector Technologies". To the best of my recollection, the website contained information indicating that smart cards and access cards could be used for purposes of accessing buildings. In addition, the website had a statement that the cards could not be used for satellite or Illegal purpose. Accordingly I placed an order on three separate occasions for devices which he believed

could be used to program cards for use with accessing buildings and other legal purpose, i.e. to reprogram a card if it is damaged or programmed improperly.

My sole purpose in purchasing the devices was for the purpose of obtaining a contract, possibly with casino. When I learned of the possibility of obtaining a contract with the casino, I started conducting research at that time. Although I made more than one purchase, I was purchasing what I believed would be items that could be use in obtaining the contract. I did not discover that the items I had purchased would not work for the purpose that they were purchased until after he had received all of the devices I didn't get to use and/or try the products until much after I had received them. Based on my day-to-day beliefs, in terms of what would be required to obtain the contract, I made the purchases.

Defendant's Defenses:

1. I didn't intentionally purchase any of the devices for the purposes of illegally or otherwise "tapping" into the DIRECTV signal. I purchased the devices for a legal purpose. More importantly, the devices which Plaintiff alleges were used may be used for other purposes.

2. The court cannot and should not logically infer that the devices were purchased solely for the purpose of illegally "tapping" into the DIRECTV signal because **before** the devices could be used they had to be programmed and used in conjunction with access cards and/or smart card technology.

3. I followed the information contained within the website. To the best of my recollection, there was nothing contained therein that stated the devices were for purposes of tapping into the DIRECTV signal.

4. The Plaintiff's claim is barred due to the Statute of Limitations because the claim was not brought within two years from the date of the alleged injury.

5. Plaintiff has failed to state a claim for which relief may be granted, because Plaintiff has failed to prove its case.

**IV.    Statement of Undisputed Facts.**

Counsel and Plaintiff certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts have been admitted by the Defendant in his answer

1. At all relevant times, the Defendant was an individual with his principal residence at 29 Sunset Terrace South Windsor, CT 06074;

2. This action is brought pursuant to Title 47 U.S.C. §§ 605 and Title 18 U.S.C. § 2520.

3. This Court has original jurisdiction over this action under Title 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Connecticut pursuant to Title 28 U.S.C. § 1391(b).

**V.    Case Management Plan.**

A.    *Standing Order on Scheduling in Civil Cases.*

The parties request a modification of the deadlines in the Standing Order as follows:

That Paragraph 2(d) be modified so as to require that all discovery be completed by May 6, 2004.

That Paragraph 2(e) be modified so as to require that all motions for summary judgment be filed by June 6, 2004.

B.    *Scheduling Conference with the Court.*

The parties request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

C.   *Early Settlement Conference.*

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.  The parties request an early settlement conference.

3.  The Defendant prefers a settlement conference with a magistrate judge or a Para judicial officer or a special master.

4.  The parties request a referral for alternative dispute resolution pursuant to C. Conn. L. Civ. R. 16.

D.   Joinder of Parties and Amendment of Pleadings.

1.  The parties are allowed until June 6, 2004 to file motions to join additional parties, and until May 6, 2004 to file motions to amend the pleadings.

E.   *Discovery.*

1.  The plaintiff anticipates discovery will be needed on the following subjects: Information related to Defendants' purchase, use, distribution, sales and manufacture/alteration

       of devices to intercept plaintiff's television programming without authorization by or payment to plaintiff.

2. The Defendant anticipates discovery will be needed on the following subjects: Information related to the Defendant's intention when he purchased the devices. Information related to the other possible uses of the devices.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) may be commenced forthwith and will be completed by May 6, 2004.

4. Discovery will not be conducted in phases.

5. Discovery on issues for early discovery will be completed by _____N/A_____.

6. The parties anticipate that the Plaintiff will require a possibility of 7 depositions of fact witnesses and that the Defendant will require a total of two (2) depositions of fact witnesses. The depositions will be completed by May 6, 2004. Defendant reserves the right to depose other witnesses should it be necessary.

7. The parties may serve more than twenty-five (25) interrogatories.

8. The plaintiff intends to call one expert witness at trial (with the understanding that certain of the Plaintiff's fact witnesses might be qualified as experts). The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 6, 2004. Depositions of any such experts will be completed by May 6, 2004.

9. The defendant does not intend to call expert witnesses at trial at this time. However, should the Defendant decide to use an expert the Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(s)(2) by April 6, 2004. Depositions of any such experts will be completed by May 6, 2003.

10. Any party who has a claim or counterclaim for damages will provide a damage analysis on or before January 6, 2004.

F. *Dispositive Motions.*

Dispositive motions will be filed on or before July 6, 2004.

G. *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 6, 2004.

**VII. Trial Readiness.**

The case will be ready for trial sixty (60) days after the filing of a joint trial memorandum.

As an officer of the Court, undersigned counsel for the Plaintiff agrees to cooperate with the undersigned pro se Defendant to promote the just, speedy and inexpensive determination of this action. The undersigned pro se Defendant also certifies that he will cooperate with the Plaintiff, the counsel of record and the Court to promote the just speedy and inexpensive determination of this action.

| PLAINTIFF, | DEFENDANT, |
|---|---|
| By_____ | By_____ |
| John M. McLaughlin, Esq. | Bernard Thomas |
| McLaughlin Sacks LLC | 29 Sunset Terrace |
| 31 Trumbull Rd. | South Windsor, CT 06040 |
| Northampton MA 01060 | (860) 648-2696 |
| Tel 413-586-0865 | |
| (CT16988) | |