UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (Hartford)

FILED
2004 JUN 23 A 11: 11
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| **DIRECTV, INC.** | ) Case No.: **3:03CV0924 AVC** |
| Plaintiff, | ) |
| vs. | ) **MOTION IN LIMINE** |
| **Bernard Thomas** | ) |
| Defendant | ) |

The Plaintiff, by its attorney, hereby moves *in limine* for specific evidentiary and related findings, as set forth below. Specifically, the Plaintiff contends that:

1. The Plaintiff made certain specific requests for admissions to the Defendant and that these hard copy requests were served upon him on or about April 16, 2004, then again via electronic mail at the Defendant's request on April 19, 2004; a copy of said Request for Admissions along with the referenced email are attached hereto, incorporated here with and marked exhibit A; and

2. The requests for Admissions made by the Plaintiff specifically contained the following warnings/statements:

" Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

and

"Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3. In addition, Plaintiff's Counsel specifically warned Defendant that he must respond to Plaintiffs discovery;

**ORAL ARGUMENT IS REQUESTED**

4. In addition, the Defendant failed to appear at his properly noticed Deposition;

5. The Defendant made no response and/or objections whatsoever to the Requests for Admissions.

Therefore in accordance with Rule 36(a) of the Federal Rules of Civil Procedure the Defendant has now made judicial admissions as to the requests for which there were no responses and/or objections within 30 days of the submission thereof. Specifically the facts now deemed admitted are:

a. The Defendant is the same person as "Bernard Thomas" named in this lawsuit.

b. The Defendant is a resident of South Windsor, Connecticut.

c. The Defendant received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization from or payment to DIRECTV.

d. The Defendant knew or should have known that receiving and/or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization or payment to DIRECTV was illegal and prohibited.

e. On or about April 9, 2001 the Defendant ordered certain products from Vector Technologies.

f.  The Defendant ordered one (1) Vector Smart Card Emulator and one (1) Vector UL Pro with SU2 Code Enclosed Unlooper from Vector Technologies on or about April 9, 2001

g.  The product(s) the Defendant ordered from Vector Technologies on or about April 9, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

h.  The Defendant received the product(s) he ordered from Vector Technologies on or about April 9, 2001.

i.  The Defendant ordered one (1) Vector Smart Card Emulator and one (1) Vector UL Pro with SU2 Code Enclosed Unlooper with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

j.  The Defendant used or attempted to use one or more of the devices he ordered from Vector Technologies on or about April 9, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

k.  The Defendant was successful in utilizing one or more of the devices he ordered from Vector Technologies on or about April 9, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

l.  The Defendant used a credit card to pay for your order from Vector Technologies on or about April 9, 2001; **or**

m. The device(s) the Defendant ordered from Vector Technologies on or about April 9, 2001 was delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, the Defendant paid for said devices.

n. At the time the Defendant purchased the device(s) he ordered from Vector Technologies, on or about April 9, 2001, he knew or should have known that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

o. The Defendant knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Vector Technologies on or about April 9, 2001 was illegal and prohibited.

p. On or about March 2, 2001, the Defendant ordered certain products from Vector Technologies.

q. The Defendant's order from Vector Technologies on or about March 2, 2001 consisted of one (1) Next Gen & UL Pro w/SU2 Code Combo and one (1) Vector Smart Card Emulator.

r. The product(s) the Defendant ordered from Vector Technologies on or about March 2, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

s. The Defendant received the product(s) you ordered from Vector Technologies on or about March 2, 2001.

t. The Defendant ordered one (1) Next Gen & UL Pro w/SU2 Code Combo and one (1) Vector Smart Card Emulator with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

u. The Defendant used or attempted to use one or more of the devices you ordered from Vector Technologies on or about March 2, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

v. The Defendant was successful in utilizing one or more of the devices he ordered from Vector Technologies on or about March 2, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

**w.** The Defendant used a credit card to pay for your order from Vector Technologies on or about March 2, 2001; **or**

x. The device(s) the Defendant ordered from Vector Technologies on or about March 2, 2001 was delivered to the Defendant "C.O.D." (cash on delivery) and that upon C.O.D. delivery, he paid for said device(s).

y. At the time the Defendant purchased the device(s) ordered from Vector Technologies on or about March 2, 2001, he knew or should have known that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

z. The Defendant knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you

purchased from Vector Technologies on or about March 2, 2001 was illegal and prohibited.

aa. On or about March 19, 2001, the Defendant ordered certain products from Vector Technologies.

bb. The Defendant's order from Vector Technologies on or about March 19, 2001 consisted of two (2) Vector Smart Card Emulators and two (2) Vector UL Pro with SU2 Code Enclosed Unloopers.

cc. The product(s) The Defendant ordered from Vector Technologies on or about March 19, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

dd. The Defendant received the product(s) you ordered from Vector Technologies on or about March 19, 2001.

ee. The Defendant ordered two (2) Vector Smart Card Emulators and two (2) Vector UL Pro with SU2 Code Enclosed Unloopers with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

ff. The Defendant used or attempted to use one or more of the devices he ordered from Vector Technologies on or about March 19, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

gg. The Defendant was successful in utilizing one or more of the devices he ordered from Vector Technologies on or about March 19, 2001 to

      facilitate the unauthorized interception of DIRECTV's encrypted signal.

hh. The Defendant used a credit card to pay for your order from Vector Technologies on or about March 19, 2001; **or**

ii. The device(s) the Defendant ordered from Vector Technologies on or about March 19, 2001 was delivered "C.O.D." (cash on delivery) and that upon C.O.D. delivery, he paid for said device(s).

jj. At the time the Defendant purchased the device(s) he ordered from Vector Technologies on or about March 19, 2001, he knew or should have known that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

kk. The Defendant knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) he purchased from Vector Technologies on or about March 19, 2001 was illegal and prohibited.

      In for the support of this motion please see the attached affidavit of John M. McLaughlin and memorandum support of this motion.

Respectfully Submitted for the Plaintiff,
DIRECTV, INC.
By Its Attorney,

6/18/04
Date

_____
John M. McLaughlin (CT16988)
**Mailing Address for**
**Requested Service of All Papers**
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

**Local Address Pursuant to D. Conn. L. Civ. R. 2(c):**
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 18th day of June 2004, a copy of the foregoing was sent via first class mail to:

Bernard Thomas
29 Sunset Terrace
South Windsor, CT 06074

_____
John M. McLaughlin, Esq.