UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (Hartford)

FILED
2004 JUN 23 A 11: 11
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **DIRECTV, INC.** | ) | Case No.: **3:03CV0924 AVC** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE** |
| **Bernard Thomas** | ) | |
| Defendant | ) | |

Rule 36(a) of the Federal Rules of Civil Procedure provides in part

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service on the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter signed by the party or the party's attorney."

As set forth in the accompanying affidavit:

1. The Plaintiff made specific Request for Admissions and served those upon the Defendant on April 16, 2004 and again on April 19, 2004;
2. The Plaintiff's requests specifically contained the following warnings/statements:

> " Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

And

> "Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3. There has been no response whatsoever from the Defendant;

4. Plaintiff's Counsel repeatedly warned the pros say defendant that he must respond to discovery;
5. Plaintiff's Counsel attempted to depose the Defendant but the Defendant failed to show up for a properly noticed deposition;
6. The Defendant has yet to respond to the Plaintiff's interrogatories or request for production

Accordingly, pursuant to Rule 36(a) of the Federal Rules of Civil Procedure the request made upon the Defendant must be deemed admitted.

Also, there are no mitigating factors, which might, in certain circumstances, justify allowing the withdrawal or amendment to any admissions. Finally, in light of the fact that Defendant has totally reneged on his obligations as to discovery, the Plaintiff would be woefully prejudiced by any allowance of a withdrawal or amendment as to the admissions.

Courts have consistently found that the failure to timely respond to Request for Admissions results in the requests being deemed admitted. See *Hulsey v. Texas*, 929 F.2d 168 (5th Cir. 1991). Even a tardy response can lead to the requests being admitted. See *United States v J.B.A Motorcars, Inc.* 839 F.Supp 1572 (S.D. Fla.1993); and *An-Port, Inc. v MBR Indus.*, 772 F. Supp. 1301 (D.P.R. 1991).

Accordingly, all of the request made by the Plaintiff should be deemed admitted. With all of the requests admitted the trial in this matter will amount to little more than legal argument and a hearing on damages.

6/18/04
Date

Respectfully Submitted for the Plaintiff,
DIRECTV, INC.
By Its Attorney,

John M. McLaughlin (CT16988)
**Mailing Address for Requested Service of All Papers**
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

**Local Address Pursuant to D. Conn. L. Civ. R. 2(c):**
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

# Rhonda Wainwright

| | |
|---|---|
| From: | Rhonda Wainwright |
| Sent: | Monday, April 19, 2004 12:49 PM |
| To: | 'bthomas@btsolutions.biz' |
| Subject: | DIRECTV vs. Bernard Thomas: Discovery |
| Importance: | High |

EXHIBIT A

    

RFP.doc    RFA.doc    Rogs.doc

Mr. Thomas,

As you requested, attached are the discovery documents. The original executed documents were sent to you via overnight mail. Please feel free to contact us with any questions.

Thank you,
Rhonda

+++++++++
Rhonda
Supervising Legal Assistant to
Attorney John M. McLaughlin
McLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
Telephone (413) 586-0865
Facsimile (413) 584-0453

```
                                -NOTICE -
Electronic mail sent through the internet is not secure and could be intercepted by a third party.  For your
protection, avoid sending identifying information, such as Social Security numbers or bank account numbers
through the internet.
Further, this transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product,
or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose,
print, copy or disseminate this information.  If you have received this in error, please reply and notify the
sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal
criminal law.
```

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| DIRECTV, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD THOMAS,<br><br>Defendant. | Case No. 3:03CV0924 AVC<br><br>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BERNARD THOMAS |

TO:   DEFENDANT BERNARD THOMAS

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff DIRECTV, Inc., hereby requests that you answer the following Request for Admissions.

## INSTRUCTIONS

1.   Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service. Pursuant to Federal Rules of Civil Procedure 36, you are being served with the original of the Request for Admissions. Please type your answers on the original in the space provided following each Request for Admission, or use additional pages, if necessary.

2.   Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action. Please further note the following provision of Federal Rule of Civil Procedure 36(a):

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested

admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

## DEFINITIONS

As used herein:

1. The word "person" means any individual, firm, partnership, corporation, association, government agency or any other government-controlled business entity. All references to persons or entities also include all persons and/or entities acting on their behalf.

2. The terms "and" and "or" whenever used herein shall be understood in both the conjunctive and disjunctive sense, synonymous with "and/or."

3. The words "you" and "yours" as used herein refer to the party these discovery requests are served upon, and his or her employees, agents, officers, attorneys and all other representatives in their capacities as such. It is specifically intended that the definition of "you" and "yours" includes defendant's business names.

4. The name "Bernard Thomas" as used herein refers to the party upon whom these discovery requests are served, and his or her employees, agents, officers, attorneys, and all other representatives in their capacities as such.

5. The name "DIRECTV" as used herein refers to Plaintiff DIRECTV, Inc.

## REQUEST FOR ADMISSIONS

1. Admit that you are the same person as "Bernard Thomas" named in this lawsuit.

2. Admit that you are a resident of South Windsor, Connecticut.

3. Admit that you received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization from or payment to DIRECTV.

4. Admit that you knew or should have known that receiving and/or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization or payment to DIRECTV was illegal and prohibited.

5. Admit that on or about April 9, 2001, you ordered certain products from Vector Technologies.

6. Admit that your order from Vector Technologies on or about April 9, 2001 consisted of one (1) Vector Smart Card Emulator and one (1) Vector UL Pro with SU2 Code Enclosed Unlooper.

7. Admit that the product(s) you ordered from Vector Technologies on or about April 9, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

8. Admit that you received the product(s) you ordered from Vector Technologies on or about April 9, 2001.

9. Admit that you ordered one (1) Vector Smart Card Emulator and one (1) Vector UL Pro with SU2 Code Enclosed Unlooper with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

10. Admit that you used or attempted to use one or more of the devices you ordered from Vector Technologies on or about April 9, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

11. Admit that you were successful in utilizing one or more of the devices you ordered from Vector Technologies on or about April 9, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

12. Admit that you used a credit card to pay for your order from Vector Technologies on or about April 9, 2001.

13. Admit that the device(s) you ordered from Vector Technologies on or about April 9, 2001 was delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, you paid for said devices.

14. Admit that at the time you purchased the device(s) you ordered from Vector Technologies on or about April 9, 2001, you <u>knew or should have known</u> that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

15. Admit that you knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Vector Technologies on or about April 9, 2001 was illegal and prohibited.

16. Admit that on or about March 2, 2001, you ordered certain products from Vector Technologies.

17. Admit that your order from Vector Technologies on or about March 2, 2001 consisted of one (1) Next Gen & UL Pro w/SU2 Code Combo and one (1) Vector Smart Card Emulator.

18. Admit that the product(s) you ordered from Vector Technologies on or about March 2, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

19. Admit that you received the product(s) you ordered from Vector Technologies on or about March 2, 2001.

20. Admit that you ordered one (1) Next Gen & UL Pro w/SU2 Code Combo and one (1) Vector Smart Card Emulator with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

21. Admit that you used or attempted to use one or more of the devices you ordered from Vector Technologies on or about March 2, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

22. Admit that you were successful in utilizing one or more of the devices you ordered from Vector Technologies on or about March 2, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

23. Admit that you used a credit card to pay for your order from Vector Technologies on or about March 2, 2001.

24. Admit that the device(s) you ordered from Vector Technologies on or about March 2, 2001 was delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, you paid for said device(s).

25. Admit that at the time you purchased the device(s) you ordered from Vector Technologies on or about March 2, 2001, you <u>knew or should have known</u> that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

26. Admit that you knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Vector Technologies on or about March 2, 2001 was illegal and prohibited.

27. Admit that on or about March 19, 2001, you ordered certain products from Vector Technologies.

28. Admit that your order from Vector Technologies on or about March 19, 2001 consisted of two (2) Vector Smart Card Emulators and two (2) Vector UL Pro with SU2 Code Enclosed Unloopers.

29. Admit that the product(s) you ordered from Vector Technologies on or about March 19, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

30. Admit that you received the product(s) you ordered from Vector Technologies on or about March 19, 2001.

31. Admit that you ordered two (2) Vector Smart Card Emulators and two (2) Vector UL Pro with SU2 Code Enclosed Unloopers with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

32. Admit that you used or attempted to use one or more of the devices you ordered from Vector Technologies on or about March 19, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

33. Admit that you were successful in utilizing one or more of the devices you ordered from Vector Technologies on or about March 19, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

34. Admit that you used a credit card to pay for your order from Vector Technologies on or about March 19, 2001.