FILED
2004 AUG 30 P 2:47

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT (Hartford)

DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| **DIRECTTV, INC.** | : | Case No. 3:03CV0924  AVC |
| Plaintiff, | : | **DEFENDANT'S RESPONSE TO** |
| | : | **PLAINTIFF'S MOTION IN** |
| vs. | : | **LIMINE** |
| **BERNARD THOMAS** | : | |
| Defendant | : | **AUGUST 30, 2004** |

The Defendant in the above-captioned matter, hereby responds to Plaintiff's Motion in Limine as follows:

1. Defendant had attempted to respond to Plaintiff's Requests to Admit dated April 16, 2004 by delivering his responses to the Offices of Judge Alfred Covello instead of the Clerk's Office due to Defendant's, as Pro Se, unfamiliarity with Court rules and procedure, and said Responses have not been located despite Defendant's efforts to locate same.

2. Defendant re-submits herewith, his responses to Plaintiff's Requests to Admit dated April 16, 2004 and is prepared to proceed with his defense of this action.

THE DEFENDANT,
BERNARD THOMAS

*[signature]*
B
39 Sunset terr
South Windsor Ct
06074
860-987-6690

## CERTIFICATION

I hereby certify that I have mailed a copy of the foregoing postage prepaid to all Counsel and Pro Se Parties, and specifically to:

John M. McLaughlin, Esq.
McLaughlin Sacks, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

Local Address Pursuant to D.Conn.L.Civ.R. 2(e)
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

BERNARD THOMAS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| DIRECTV, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD THOMAS,<br><br>Defendant. | Case No. 3:03CV0924 AVC<br><br>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BERNARD THOMAS |

TO:   DEFENDANT BERNARD THOMAS

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff DIRECTV, Inc., hereby requests that you answer the following Request for Admissions.

### INSTRUCTIONS

1.   Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service. Pursuant to Federal Rules of Civil Procedure 36, you are being served with the original of the Request for Admissions. Please type your answers on the original in the space provided following each Request for Admission, or use additional pages, if necessary.

2.   Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action. Please further note the following provision of Federal Rule of Civil Procedure 36(a):

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested

admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

## DEFINITIONS

As used herein:

1. The word "person" means any individual, firm, partnership, corporation, association, government agency or any other government-controlled business entity. All references to persons or entities also include all persons and/or entities acting on their behalf.

2. The terms "and" and "or" whenever used herein shall be understood in both the conjunctive and disjunctive sense, synonymous with "and/or."

3. The words "you" and "yours" as used herein refer to the party these discovery requests are served upon, and his or her employees, agents, officers, attorneys and all other representatives in their capacities as such. It is specifically intended that the definition of "you" and "yours" includes defendant's business names.

4.   The name "Bernard Thomas" as used herein refers to the party upon whom these discovery requests are served, and his or her employees, agents, officers, attorneys, and all other representatives in their capacities as such.

5.   The name "DIRECTV" as used herein refers to Plaintiff DIRECTV, Inc.

## REQUEST FOR ADMISSIONS

1. Admit that you are the same person as "Bernard Thomas" named in this lawsuit.

   Plaintiff's Request for Admission #1 is Admitted

2. Admit that you are a resident of South Windsor, Connecticut.

   Plaintiff's Request for Admission #2 is Admitted

3. Admit that you received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization from or payment to DIRECTV.

   Plaintiff's Request for Admission #3 is Denied

4. Admit that you knew or should have known that receiving and/or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization or payment to DIRECTV was illegal and prohibited.

   Plaintiff's Request for Admission #4 is Denied

5. Admit that on or about April 9, 2001, you ordered certain products from Vector Technologies.

   Plaintiff's Request for Admission #5 is Denied

6. Admit that your order from Vector Technologies on or about April 9, 2001 consisted of one (1) Vector Smart Card Emulator and one (1) Vector UL Pro with SU2 Code Enclosed Unlooper.

   Plaintiff's Request for Admission #6 is Denied

7. Admit that the product(s) you ordered from Vector Technologies on or about April 9, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

Plaintiff's request for Admission #7 is denied

8. Admit that you received the product(s) you ordered from Vector Technologies on or about April 9, 2001.

Plaintiff's Request for Admission #8 is admitted to the extent that product ordered was received. As indicated in the above responses, these were not product alleged in Plaintiff's Complaint

9. Admit that you ordered one (1) Vector Smart Card Emulator and one (1) Vector UL Pro with SU2 Code Enclosed Unlooper with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

Plaintiff's request for Admission #9 is Denied

10. Admit that you used or attempted to use one or more of the devices you ordered from Vector Technologies on or about April 9, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

Plaintiff's Request for Admission #10 is Denied

11. Admit that you were successful in utilizing one or more of the devices you ordered from Vector Technologies on or about April 9, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

Plaintiff's Request for Admission #11 id Denied

12. Admit that you used a credit card to pay for your order from Vector Technologies on or about April 9, 2001.

Plaintiff's Request for Admission #12 is Admitted

13. Admit that the device(s) you ordered from Vector Technologies on or about April 9, 2001 was delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, you paid for said devices.

> As to Plaintiff's request for Admission #13, Defendant is without knowledge and leaves Plaintiff to his proof.

14. Admit that at the time you purchased the device(s) you ordered from Vector Technologies on or about April 9, 2001, you <u>knew or should have known</u> that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

> Plaintiff's Request for Admission #14 is Denied

15. Admit that you knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Vector Technologies on or about April 9, 2001 was illegal and prohibited.

> Plaintiff's Request for Admission #15 is Denied

16. Admit that on or about March 2, 2001, you ordered certain products from Vector Technologies.

> Plaintiff's Request for Admission #16 is Admitted

17. Admit that your order from Vector Technologies on or about March 2, 2001 consisted of one (1) Next Gen & UL Pro w/SU2 Code Combo and one (1) Vector Smart Card Emulator.

> So much of Plaintiff's Request for Admission #17 as refers to "Next Gen & UL Pro w/SU2 Code Combo" is Admitted. The remainder of Plaintiff's Request for Admission #17 is Denied.

18. Admit that the product(s) you ordered from Vector Technologies on or about March 2, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

```
Plaintiff's Request for Admission #18 is denied
```

19. Admit that you received the product(s) you ordered from Vector Technologies on or about March 2, 2001.

```
Plaintiff's Request for Admission #19 is Admitted
```

20. Admit that you ordered one (1) Next Gen & UL Pro w/SU2 Code Combo and one (1) Vector Smart Card Emulator with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

```
Plaintiff's Request for Admission #20  is Denied
```

21. Admit that you used or attempted to use one or more of the devices you ordered from Vector Technologies on or about March 2, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

```
Plaintiff's Request for Admission #21 is Denied
```

22. Admit that you were successful in utilizing one or more of the devices you ordered from Vector Technologies on or about March 2, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

```
Plaintiff's Request for Admissionm#22 is denied
```

23. Admit that you used a credit card to pay for your order from Vector Technologies on or about March 2, 2001.

```
Plaintiff's Request for Admission #23 is Admitted
```

24. Admit that the device(s) you ordered from Vector Technologies on or about March 2, 2001 was delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, you paid for said device(s).

> As to Plaintiff's Request for Admission #24, Defendant is without Knowledge and leaves Plaintiff to his proof

25. Admit that at the time you purchased the device(s) you ordered from Vector Technologies on or about March 2, 2001, you <u>knew or should have known</u> that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

> Plaintiff's Request for Admission #25 id Denied

26. Admit that you knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Vector Technologies on or about March 2, 2001 was illegal and prohibited.

> Plaintiff's Request for Admission #26 is Denied

27. Admit that on or about March 19, 2001, you ordered certain products from Vector Technologies.

> Plaintiff's Request for Admission #27 is Admitted

28. Admit that your order from Vector Technologies on or about March 19, 2001 consisted of two (2) Vector Smart Card Emulators and two (2) Vector UL Pro with SU2 Code Enclosed Unloopers.

> Plaintiff's Request fro Admission #28 is Admitted

29. Admit that the product(s) you ordered from Vector Technologies on or about March 19, 2001 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

    `Plaintiff's Request for Admission #29 is Denied`

30. Admit that you received the product(s) you ordered from Vector Technologies on or about March 19, 2001.

    `Plaintiff's Request for Admission #30 is Admitted`

31. Admit that you ordered two (2) Vector Smart Card Emulators and two (2) Vector UL Pro with SU2 Code Enclosed Unloopers with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

    `Plaintiff's Request for Admission #31 is denied`

32. Admit that you used or attempted to use one or more of the devices you ordered from Vector Technologies on or about March 19, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

    `Plaintiff's request for Admission #32 id Denied`

33. Admit that you were successful in utilizing one or more of the devices you ordered from Vector Technologies on or about March 19, 2001 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

    `Plaintiff's Request fro Admission #33 is Denied`

34. Admit that you used a credit card to pay for your order from Vector Technologies on or about March 19, 2001.

    `Plaintiff's Request fro Admission #34 is Admitted`

35. Admit that the device(s) you ordered from Vector Technologies on or about March 19, 2001 was delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, you paid for said device(s).

> With respect to Plaintiff's Request for Admission #35, Defendant is without knowledge and leaves Plaintiff to his proof

36. Admit that at the time you purchased the device(s) you ordered from Vector Technologies on or about March 19, 2001, you <u>knew or should have known</u> that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

> Plaintiff's Request for Admission #36 is Denied

37. Admit that you knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Vector Technologies on or about March 19, 2001 was illegal and prohibited.

> Plaintiff's Request for Admission #37 is Denied

REQUEST FOR ADMISSIONS dated this 16 day of April, 200__.

*[signature]*
John M. McLaughlin, Esq.
McLaughlin Sacks LLC
31 Trumbull Rd.
Northampton MA 01060
Tel 413-586-0865
(CT16988)
Attorney for Plaintiff DIRECTV, Inc.

I Hereby acknowledge that I the responses above are true and accurate to the best of my knowledge and belief.

*[signature]*
Bernard Thomas

25 Sunset Terr
South Windsor Ct
06074
860-982-6690

August 30, 2004

STATE OF CONNECTICUT }
                    } ss:    Hartford, Connecticut
COUNTY OF HARTFORD  }

Personally Appeared, BERNARD THOMAS, signer and sealer of the foregoing who acknowledged the same to be his free act and deed, before me.

*Connie R. Shea*

~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires: 3-31-08