UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 24 P 3: 06

DIRECTV, Inc.,
  Plaintiff,

vs.

Bernard Thomas,
  Defendant.

Civil No: 3:003CV0924 (AVC)

### RULING ON THE PLAINTIFF'S MOTION IN LIMINE

This is an action for damages and injunctive relief brought pursuant to 47 U.S.C § 605 and 18 U.S.C. § 2511 arising out of the defendant's alleged manufacture, use, and distribution of devices to illegally intercept the plaintiff Direct TV's satellite television programming.

On June 23, 2004, the plaintiff filed the within motion in limine (document no. 15). The motion states that the defendant has failed to answer "certain specific requests for admission." The plaintiff requests pursuant to Fed. R. Civ. P. 36 that certain facts now be "deemed admitted."

On August 30, 2004, the pro se defendant filed a response stating that he had "attempted to respond" to the requests for admission by "delivering his responses to the Offices of Judge Alfred Covello instead of the Clerk's Office." The defendant attached his response admissions and certified that he had mailed a copy to the plaintiff's attorney.

Rule 36(a) states in relevant part:

> The matter is admitted unless, within 30 days after service of the request, *or within such shorter or longer time as the court may allow* . . . the party to whom the request is directed serves upon the party . . . a written answer or objection . . .

Fed. R. Civ. P. 36(a)(emphasis added). Rule 36(a) does not require that the court deem as admitted all late answers to requests for admission. In contrast, the court may grant parties additional time to serve their responses. See Local Union No.38 v. Tripodi, 913 F. Supp. 290, 293-94(S.D.N.Y. 1996)(refusing to deem as admitted requests for admission when the pro se defendant failed to respond; noting "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted").

Having considered the arguments and applicable law, the court grants the defendant an extension of time to respond to the requests for admission nunc pro tunc. Accordingly, the court DENIES the plaintiff's motion in limine (document no. 15).

The court notes that Local Rule 5(e) states that requests for admission "shall not be filed with the Clerk's Office except by order of the Court." The defendant shall serve the defendants with the answers to the requests for admission by October 4, 2004.

It is so ordered this 24TH day of September, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge