UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (Hartford)

| | |
|---|---|
| **DIRECTV, INC.** ) | Case No.: **3:03CV0924 AVC** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLAINTIFF'S MOTION IN LIMINE AND** |
| ) | **MOTION TO PRECLUDE EVIDENCE** |
| **Bernard Thomas** ) | |
| ) | |
| Defendant ) | |
| ) | |

The Plaintiff moves this Court for an order precluding the Defendant from giving any testimony in this action relative to the claims of the Plaintiff except that he may continue to remain silent by invoking his right to remain silent pursuant to the Fifth Amendment of the United States Constitution.

At the Defendant's court-ordered deposition the Parties, through counsel, explicitly stipulated on the record that the Defendant's response to all pertinent questions would be to invoke his right to remain silent under the Fifth Amendment to the United States Constitution. The Defendant has made no motion or even any subsequent disclosures regarding this stipulation but Defendant's Counsel has now intimated that Defendant may give substantive testimony at trial, testimony he did not give at his court-ordered deposition.

As grounds for this motion Plaintiff asserts that:

1. The requested order is appropriate on a Motion *In Limine* in that:

---

**Oral argument requested.**

   a. The stipulation made at the deposition is akin to a judicial admission which cannot now be unilaterally withdrawn or altered by the Defendant; and

   b. During the discovery period at his court-ordered deposition, the Defendant refused to give substantive testimony; instead the stipulation regarding the Fifth Amendment was entered. The discovery period is now over. It would be totally inequitable and not in the spirit of Federal Rule of Civil Procedure 26 to allow the Defendant to simply start giving substantive testimony, testimony which he refused to give during his court-ordered deposition.

2. Such an order is also justified pursuant Rule 37 (b) (2) (B). On October 29, 2004, this court granted the Plaintiff's Motion to Compel the Defendant be deposed in this action. On or about November 10, 2004, Plaintiff's Counsel re-noticed the Defendant of a rescheduled deposition. Thereafter, on December 1, 2004 the Defendant, with counsel present, appeared at his deposition but the Defendant refused to give any substantive testimony. Instead the parties, through their council, *stipulated on the record* that the Defendant would invoke his right to remain silent pursuant to the Fifth Amendment of the United States Constitution to *"all pertinent questions"*.

The Defendant's refusal to testify at his deposition violated the Order to Compel his deposition. Yet, that violation could possibly be considered waived because the Parties

agreed to the Fifth Amendment stipulation in lieu of the substantive testimony. However, if the Defendant now attempts to unilaterally withdraw the stipulation and change his testimonial stance by substantively testifying in this trial, than the Defendant has clearly violated a court order that he be deposed in this action.

In such a situation Rule 37 (b) (2) (B) enables this Court to order that the Defendant be precluded from giving any testimony as to any of the Plaintiff's claims in this action other than continuing to invoke his right to remain silent.

In further support of this motion, see the affidavit of Plaintiff's Counsel along with a copy of the deposition, which is made an exhibit to said affidavit and memorandum in support of this motion.

1/25/05
Date

Respectfully Submitted for the Plaintiff,
DIRECTV, INC.
By Its Attorney,

John M. McLaughlin (CT16988)
**Mailing Address for**
**Requested Service of All Papers**
**Green, Miles, Lipton & Fitz-Gibbon**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865

**Local Address Pursuant to D. Conn. L. Civ. R. 2(c):**
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

## CERTIFICATE OF SERVICE

    I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 25th day of January 2005, a copy of the foregoing motion, affidavit and memorandum were sent via first-class postage prepaid mail to:

Joseph S. Elder
Law Office of Joseph S. Elder
661 Wethersfield Avenue
Hartford, CT 06114

_____
John M. McLaughlin