## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT (Hartford)

| | |
|---|---|
| **DIRECTV, INC.** | ) Case No.: **3:03CV0924 AVC** |
| | ) |
| Plaintiff, | ) |
| | ) **AFFIDAVIT OF JOHN M. McLAUGHLIN** |
| vs. | ) **IN SUPPORT OF PLAINTIFF'S MOTION** |
| | ) **IN LIMINE AND MOTION TO** |
| **Bernard Thomas** | ) **PRECLUDE EVIDENCE** |
| | ) |
| Defendant | ) |
| | ) |

Now comes John M. McLaughlin, Attorney for the Plaintiff in the above-entitled action, and, on oath, states the following:

1. On October 29, 2004 this court granted the Plaintiff's Motion to Compel the Defendant to be deposed in this action;

2. On or about November 10, 2004, my office re-noticed the Defendant of a rescheduled deposition pursuant to this Court's Order;

3. On the morning of December 1, 2004, I drove to Hartford from my office in Northampton, Massachusetts for the scheduled deposition;

4. Only after arriving in Hartford was I informed by Attorney Joseph S. Elder, that he was now counsel to the Defendant;

5. I insisted that Attorney Elder file an appearance before the deposition. He did file that appearance;

6. Attorney Elder informed me that he would not allow the Defendant to testify substantively;

7. Attorney Elder appeared to be uncertain as to the consequences of invoking the right to remain silent in a civil action and he stated that he would soon be moving this Court to determine the significance of the Defendant's invocation of his right to remain silent;

8. I insisted that if I was not going to get substantive testimony we would stipulate on the record that the Defendant would invoke his right to remain silent as to all pertinent questions. Such a stipulation was made. (A copy of the deposition is attached hereto as exhibit A);

9. The Defendant has yet to make any motion to this Court regarding his invocation of his right to remain silent although over a month and a half has gone by since the deposition;

10. In a telephone conversation I had with Attorney Elder after the deposition he intimated that if the case was not settled his client would not continue to remain silent; rather the defendant would now give substantive testimony at trial, substantive testimony did not give at his court-order deposition;

11. I have attempted to contact Defendant's Counsel prior to filing this motion; however Defendant's Counsel has not returned my multiple telephone calls;

Subscribed and sworn to, under the pains and penalties of perjury, this _____ day of January 2005.

John M. McLaughlin (CT16988)
Green, Miles, Lipton & Fitz-Gibbon
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865

Directv, Inc. v. Thomas

12-1-2004                                                    Statements of Counsel



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * *
DIRECTV, INC.,                    )
                                  )
              Plaintiff,          )
                                  )   Civil Action No.
    -vs-                          )   3:03CV0924 (AVC)
BERNARD THOMAS,                   )
                                  )
              Defendant.          )
* * * * * * * * * * * * * *
```

          Statements of counel, taken before Bethany A.
Carrier, a Court Reporter and Notary Public within and
for the State of Connecticut, pursuant to Notice and
the Federal Rules of Civil Procedure, at the offices of
Brandon Smith Reporting Service, 44 Capitol Avenue,
Hartford, Connecticut, taken on December 1, 2004,
commencing at 11:45 a.m.

                    Bethany A. Carrier, LSR 071
                  Brandon Smith Reporting Service
                        44 Capitol Avenue
                 Hartford, Connecticut  06106
                        (860) 549-1850

bf3a98e4-3c84-4add-a6e9-f3c900dd4cb1

Directv, Inc. v. Thomas

12-1-2004                                                    Statements of Counsel

Page 2

```
 1                    A P P E A R A N C E S

 2     Representing the Plaintiff:

 3     GREEN, MILES, LIPTON & FITZ-GIBBON
       77 Pleasant Street
 4     P.O. Box 210
       Northampton, Massachusetts  01061-0210
 5          By:  JOHN M. McLAUGHLIN, ESQ.

 6

 7     Representing the Defendant:

 8     JOSEPH ELDER, ESQ.
       661 Wethersfield Avenue
 9     Hartford, Connecticut  06114

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

bf3a98e4-3c84-4add-a6e9-f3c900dd4cb1

Directv, Inc. v. Thomas

12-1-2004

Page 3

1                (The statements commenced at 11:45 am.)

2

3                        MR. McLAUGHLIN:  For the record, the

4    defendant has appeared --

5                        MR. ELDER:  Just identify ourselves for

6    the record.

7                        MR. McLAUGHLIN:  This is Attorney

8    McLaughlin, counsel for the plaintiff.  And the

9    defendant has appeared with new counsel who has just

10   filed an appearance this day, Attorney Elder.

11                       MR. ELDER:  Joseph Elder.

12                       MR. McLAUGHLIN:  And an issue has

13   arisen whereby I'm informed that certain questions

14   that I ask in this deposition would elicit responses

15   where the defendant invokes his rights under the Fifth

16   Amendment to the US Constitution to remain silent.

17                       MR. ELDER:  And we're asking for time

18   so I can go into court and file a motion to determine

19   whether or not it's appropriate for him to make Fifth

20   Amendment answers and whether or not he will be

21   protected in a civil context.

22                       MR. McLAUGHLIN:  For the purposes of

23   this deposition, the parties, through their counsel,

24   stipulate that there would be Fifth Amendment

25   responses if we move forward with this deposition.

bf3a98e4-3c84-4add-a6e9-f3c900dd4cb1

Directv, Inc. v. Thomas

12-1-2004                                                Statements of Counsel

Page 4

1    And rather than simply get Fifth Amendment responses

2    to all the pertinent questions, defense counsel wishes

3    to see what this court's response would be to those

4    Fifth Amendment responses essentially to see whether

5    those Fifth Amendment responses of silence would be

6    held against him in this civil action.

7                    MR. ELDER:  That's correct.

8

9                    (The statements concluded at 11:47 am.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Brandon Smith Reporting

bf3a98e4-3c84-4add-a6e9-f3c900dd4cb1

Directv, Inc. v. Thomas

12-1-2004                                                              Statements of Counsel

Page 5

1                                CERTIFICATE

2

3          I, Bethany A. Carrier, a court reporter within

4    and for the State of Connecticut, do hereby certify

5    that the foregoing 4 pages are a complete and accurate

6    computer-aided transcription of the case, in re:

7    DIRECTV, INC. versus BERNARD THOMAS, held at the

8    offices of Brandon Smith Reporting Service, on December

9    1, 2004.

10

11

12

13

14                    _____

15                         Bethany A. Carrier

16                         Court Reporter

17

18

19

20

21

22

23

24

25

Brandon Smith Reporting

bf3a98e4-3c84-4add-a6e9-f3c900dd4cb1