UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (Hartford)

| | |
|---|---|
| **DIRECTV, INC.** ) | Case No.: **3:03CV0924 AVC** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **PLAINTIFF'S MOTION IN LIMINE AND** |
| **Bernard Thomas** ) | **MOTION TO PRECLUDE EVIDENCE** |
| ) | |
| Defendant ) | |
| ) | |

### I.  Facts/Introduction

On October 29, 2004, this court entered an order compelling the deposition of the Defendant. On or about November 10, 2004, Plaintiff's Counsel re-noticed the Defendant of a rescheduled deposition. On December 1, 2004, said deposition convened in Hartford, Connecticut. Plaintiff's Counsel traveled from out of state to attend the deposition. The Defendant retained counsel who filed an appearance prior to the deposition. The Defendant was represented by his counsel at his deposition.

At said deposition the Defendant, with his counsel present, refused to respond substantively to any questions and instead the parties through their counsel stipulated on the record that the Defendant would invoke his right to remain silent under the Fifth Amendment of the United States Constitution as to *"all pertinent questions"*.

Defendant's Counsel stated that he intended to file a motion to determine the significance of his client's invoking his right to remain silent. Over a month and a half has passed since the deposition. The discovery period for this action is now over. The Defendant has filed no motion but in conversations with Plaintiff's Counsel Defense Counsel has intimated that if this case is not resolved the Defendant may not continue to

invoke his right to remain silent at trial but instead the Defendant may now start giving substantive testimony; testimony he did not give at his court-ordered deposition. The Plaintiff has now filed a motion to preclude the Defendant from making any further testimony other than by continuing to invoke his right to remain silent under the Fifth Amendment U.S. Constitution.

## II. Discussion

On the day of the deposition Defendant's Counsel was apparently concerned in that he was uncertain how invoking the Fifth Amendment would affect the Defendant's defense in this civil action. Defense Counsel apparently believed that invoking the right to remain silent in a civil case might not be held against the Defendant. The Plaintiff contends just the opposite. Where a defendant in a Title 47 signal piracy civil action invokes his right to remain silent the logical inference that can and should be made is that the defendant violated the criminal (and civil) statutory provisions. See *Community Television Sys. Inc. v. Caruso* 284 F. 3d 430 (2d Cir. 2002) and *TCI Cablevision of New England, Inc. v Pier House Inn, Inc.* 930 F Supp 727 (DRI 1996).

On the day of the deposition or perhaps shortly thereafter, (before the end of the discovery period) Defense Counsel could have made an appropriate motion to this court for relief from the order to compel the Defendant's deposition and to determine the courts stance with reference to the defendant invoking his right to remain silent. Defense Counsel has done nothing with reference to the deposition or his client's invoking his right to remain silent; instead, Defense Counsel:

    a. Would not allow the Defendant to testify at the court-ordered deposition;

    b. Explicitly stipulated that there would be a Fifth Amendment response to all pertinent questions;

    c. Has not attempted to withdraw the invocation of the Fifth Amendment privilege; and

    d. Has intimated that his client may now testify substantively at trial.

On a Motion In Limine, this court can make an order that the Defendant should not now be allowed to change his mind and start giving substantive testimony at trial or at further hearings in this civil action. The Defendant was ordered to give a deposition in this action. At said deposition, the parties stipulated that the Defendant's response to all pertinent questions would be to invoke his right to remain silent under the Fifth Amendment to the U.S. Constitution. This stipulation is akin to a judicial admission. The stipulation cannot be unilaterally withdrawn without approval from this Court.

In addition, the discovery period for this action has transpired. The Defendant should now be held bound by his response. It would be totally inequitable and not in the spirit of Federal Rule of Civil Procedure 26 to allow a defendant to invoke his right to remain silent at a court ordered-deposition and then without further disclosures or another deposition, start giving substantive testimony.

Federal Rule of Civil Procedure 37 (b) (2) provides in part

> "... if a party fails to obey an order entered under Rule 26 (f), the court in which the action is pending may make such orders in regard to the failure as are just, and among the others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or *prohibiting that party from introducing designated matters in evidence; ...*"
> (emphasis added)

In this action, the Defendant was subject to the October 29, 2004 order to compel his deposition pursuant to Rule 26 (f). This court ordered the Defendant to give a deposition in this matter. On or about November 10, 2004, Plaintiff's Counsel re-noticed the Defendant of a rescheduled deposition. Thereafter, on December 1, 2004 the Defendant, with counsel present, appeared at his deposition but the Defendant refused to give any substantive testimony. Instead the parties, through their council, *stipulated on the record* that the Defendant would invoke his right to remain silent pursuant to the Fifth Amendment of the United States Constitution to *"all pertinent questions"*.

The Defendant's refusal to testify at his deposition violated the Order to Compel his deposition. Yet, that violation could possibly be considered waived because the Parties agreed to the Fifth Amendment stipulation in lieu of the substantive testimony. However, if the Defendant now attempts to unilaterally withdraw the stipulation and change his testimonial stance by substantively testifying in this trial, than the Defendant has clearly violated a court order that he be deposed in this action.

As a sanction for failing to give substantive testimony pursuant to the Order to Compel, the Defendant should not now be allowed to change his mind and start giving substantive testimony at trial or at further hearings in this civil action. This is not an onerous sanction; this sanction merely holds the Defendant to his testimony or rather holds him to his unwillingness to testify.

While the Plaintiff understands why the Defendant might want to remain silent to the Plaintiff's questions at his deposition, such a stance in a civil action still violates the order to compel his deposition in a civil case. Federal Rule of Civil Procedure 37 (b) (2) (B) allows this Court to make issue an order prohibiting the Defendant from

introducing designated matters in evidence. In this case it is appropriate to order that the Defendant cannot now introduce evidence as to the Plaintiff's substantive claims other than invoking his right to remain silent under the Fifth Amendment United States Constitution.

Take note of the fact that the Plaintiff could be seeking more draconian sanctions for the Defendant's refusal to give substantive testimony. Other provisions of the subject Federal Rule allow for harsher sanctions, including a finding of all facts in favor of the Plaintiff. The Plaintiff is only seeking that the Defendant not be allowed to "change his mind" and start testifying substantively about issues that he should have testified to at his court-ordered deposition.

Sanctions for failing to cooperate with discovery by precluding a party from introducing evidence or even declaring certain issues decided are clearly within the scope of the rules and this Courts power. See *Insurance Co. of Ireland Ltd. v Compagnie des Bauxites de Guinne* 456 U.S. 694, 102 S. Ct. 2099 (1982), *Konstantopoulos v. Westvaco Corp.* 112 F.3d 710 (3d cir 1997) *cert. denied* 118 S. Ct. 1079 (1998) and *Langley v Union Elec. Co.* 107 F. 3d 510 (7th Cir, 1997).

Respectfully Submitted for the Plaintiff,
DIRECTV, INC.
By Its Attorney,

1/25/05
Date

John M. McLaughlin (CT16988)
**Mailing Address for
Requested Service of All Papers**
**Green, Miles, Lipton & Fitz-Gibbon**
77 Pleasant Street
P.O. Box 210

Northampton, MA 01061-0210
(413) 586-0865

**Local Address Pursuant to D. Conn. L. Civ. R. 2(c):**
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518